

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

December 10, 1990

Honorable Marcus D. Taylor
Criminal District Attorney
Wood County
P. O. Box 689
Quitman, Texas    75783

Opinion No.   JM-1254

Re:    Whether the awarding of
a contract precludes a county
from   making  spot  purchases
from another supplier
(RQ-2015)

Dear Mr. Taylor:

You ask:

> Does the awarding of a contract to buy supplies
> on a unit price  basis in accordance with  Sec.
> 262.028, Local Government Code, preclude   coun-
> ties from  making spot  purchases of  the   same
> supplies at [the same  or][1] a lower unit  price
> from another supplier  during the  term of  the
> contract?

Your question arises from a situation where the  county
executed a contract to purchase  all road oil needed by  the
county from one  contractor.  The contractor  was unable  to
meet all  of  the county's  needs,  and one  of  the  county
commissioners made a "spot purchase"  of the product at  the
same price  from  a different  supplier.   The cost  of  the
additional purchase was  less than  the $10,000  competitive
bidding threshold found in  section 262.023(a) of the  Local
Government Code.

Inasmuch as your  question states that  the unit  price
contract was made "in accordance with section 262.028, Local
Government Code," we assume that the contract was let as the
result of competitive bids in accordance with chapter 262 of
the code.  We also  assume that the  county has not  adopted
the Optional  County Road  System as  authorized by  section
3.201 of article 6702-1, V.T.C.S.

---

1.   The original   question was   amended by  adding  the
bracketed language to reflect the facts.

You have suggested that section 262.023(c) of the Local Government Code prohibits the spot purchase in question as follows:

> In applying the competitive bidding and competitive proposal requirements established by Subsection (a), <u>all separate, sequential, or component purchases of items ordered or purchased, with the intent of avoiding the competitive bidding and competitive proposal requirements of this subchapter, from the same supplier by the same county officer, department, or institution are treated as if they are part of a single purchase and of a single contract</u>. In applying this provision to the purchase of office supplies, separate purchases of supplies by an individual department are not considered to be part of a single purchase and single contract by the county if a specific intent to avoid the competitive bidding requirements of this subchapter is not present. (Our emphasis.)

Local Gov't Code § 262.023(c).

The purpose of this provision is readily apparent. It is designed to prevent counties from avoiding the competitive bidding requirements by purchasing quantities of materials or supplies in lots, which individually cost less than $10,000 but total more than that amount. The public policy behind the competitive bidding requirement is strong enough that criminal penalties have been enacted to effectively stop this particular means of evading the statutory requirement. See Local Gov't Code §§ 262.034(a), 252.062(a).

We do not think that the provision was intended to preclude "spot purchases" in the specific circumstances you describe. Nor do we find any other provision of the chapter that precludes such spot purchases. Of course spot purchases may not be used to avoid the competitive bidding process.

In your second question, you ask:

> Assuming that the answer to the first question is 'no,' would such a spot purchase be subject to county bidding requirements, even if it were for an amount less than $10,000?

As indicated by your question and the preceding discussion, county purchases are not required to be made by competitive bids unless the amount is more than $10,000. Local Gov't Code § 262.023(a). Again, we caution that if the contractor's inability to meet the county's needs is seen as a continuing situation that will result in the expenditure of $10,000 or more, the county would be required to call for bids again. Such separate, sequential purchasing is precisely the activity that the language emphasized above in section 262.023(c) was intended to prevent. See Attorney General Opinion JM-725 (1987). Of course, a county is authorized to request bids for purchases that fall below the $10,000 threshold. Patten v. Concho County, 196 S.W.2d 833 (Tex. Civ. App. - Austin 1946, no writ).

## S U M M A R Y

The County Purchasing Act, chapter 262 of the Local Government Code, does not preclude a county from making an isolated spot purchase of supplies or materials when the contractor obligated to meet the county's requirements is unable to furnish the supplies or materials. Spot purchases may not be used to avoid the competitive bidding process.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Karen C. Gladney
Assistant Attorney General